FOLEY v. UNITED STATES.

(Circuit Court of Appeals, Eighth Circuit. March 23, 1917.)

No. 4711.

1. CRIMINAL LAW ⬤⟹703, 705—MISCONDUCT OF PROSECUTING COUNSEL.

On a trial for carrying on the business of retail liquor dealer without paying the special taxes required by law, counsel for the government in his opening statement said that in the building owned by defendant there were small rooms upstairs occupied at times by immoral women. Objection was made to the remark, and the court directed counsel to omit it. On the trial there was a dispute as to whether defendant was carrying on the liquor business, and a witness who had talked with defendant about buying an interest in the business was asked whether defendant made a statement about the profits from the immoral resort. After an answer in the affirmative, objection was made, and, under a ruling of the court, counsel reframed the question so that it was not objectionable. *Held*, that there was no misconduct justifying a vacation of the verdict.

[Ed. Note.—For other cases, see Criminal Law, Cent. Dig. §§ 1659, 1661.]

2. INTERNAL REVENUE ⬤⟹17—CARRYING ON BUSINESS WITHOUT PAYING TAX —PUNISHMENT.

In a prosecution in two counts for carrying on the business of retail liquor dealer and retail dealer in malt liquors without paying the special taxes required by law, where the evidence showed violations that were not merely technical or inadvertent, a sentence to imprisonment for two years upon each count, the terms to run concurrently, and to pay a fine of $500, was not excessive as a matter of law.

[Ed. Note.—For other cases, see Internal Revenue, Cent. Dig. §§ 144–150.]

Error to the District Court of the United States for the Eastern District of Oklahoma; Ralph E. Campbell, Judge.

⬤⟹For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

John Foley was convicted of offenses, and he brings error. Affirmed.

J. C. Denton and Frank Lee, both of Muskogee, Okl., for plaintiff in error.

D. H. Linebaugh, U. S. Atty., and W. P. McGinnis and C. W. Miller, Special Asst. U. S. Attys., all of Muskogee, Okl.

Before HOOK and SMITH, Circuit Judges, and AMIDON, District Judge.

HOOK, Circuit Judge. Foley was charged in two counts of an indictment with having carried on the business of a retail liquor dealer and a retail dealer in malt liquors without having paid the special taxes required by law. He was convicted and sentenced to imprisonment for two years upon each count, the terms to run concurrently, and to pay a fine of $500.

[1] Two grounds for reversal are urged: First, that the trial court erred in allowing a witness for the government to testify to what the accused told him regarding his profits from prostitutes on the second floor of the building in which it was charged the violations of the revenue laws occurred; second, that the sentence is erroneous. The building was owned by the accused. On the first floor was a restaurant, and a barroom in which liquors were sold by the drink and flask. On the second floor were a number of small rooms and a parlor or wineroom operated as an immoral resort in charge of a landlady. Beer was sold and served there. The defense was that the accused had leased the first floor to another man, and the second floor to the landlady, and that he was not interested in or responsible for the liquor business unlawfully carried on. To show that the business belonged to the accused, the government produced a witness who testified that he talked with him about buying a half interest in it, and that he (the accused) said he owned the business on both floors and was making more than a thousand dollars a month out of it. Then followed a question whether the accused said the profits from a girl upstairs would sometimes be as much as $30 a night. An objection was interposed after the witness had answered in the affirmative and there was no motion to strike the answer out. The court ruled that the only relevancy of the evidence would be upon the ownership of the business and then only upon the sale of liquor. Counsel thereupon reframed the question so that it was not objectionable in any view. No exception was taken to this disposition of the matter, and it is obvious that it need not be further discussed as one of evidence. But it is also urged that it should be taken in connection with a remark of counsel for the government in his opening statement of the case that there were small rooms upstairs occupied at times by immoral women, and that when so considered counsel was guilty of misconduct prejudicial to the accused. Objection was made to the remark, and the court directed counsel for the government to omit it. It is sufficient to say, without more, that we find no misconduct justifying a vacation of the verdict.

[2] Upon the assignment that the court erred in rendering the sentence it is urged that the evidence did not warrant conviction and that the punishment is excessive. The first of these is not properly presented under an assignment so framed, but nevertheless it may be said that there was substantial evidence of the guilt of the accused. The violations of the statutes by the accused were not merely technical or inadvertent, and the sentence is not beyond the maximum limit prescribed. We cannot say as matter of law that the punishment is excessive.

The sentence is affirmed.